## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE H. GRESS, | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **No. 1:20 CV 756** |
| SAFESPEED, LLC, Illinois limited liability | ) | |
| company; NIKKI ZOLLAR; CHRIS LAI; | ) | **Hon. Robert M. Dow, Jr.** |
| KHALID ("CLIFF") MAANI; OMAR | ) | |
| MAANI; TONY RAGUCCI; MARTIN A. | ) | |
| SANDOVAL; CITY OF OAKBROOK | ) | |
| TERRACE; PATRICK DOHERTY; | ) | |
| BILL HELM; JEFF TOBOLSKI; ROBERT | ) | |
| GEDVILLE; JOHN O'SULLIVAN; | ) | |
| SERGIO RODRIGUEZ; JOHN RYAN; | ) | |
| MICHAEL CARBERRY; JOHN | ) | |
| JOHN KOSMOWSKI; and BILL MUNDY, | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT CLIFF MAANI'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

Plaintiff's action against Khalid Maani is a clear abuse of the civil RICO statute enacted by Congress to thwart sustained criminal behavior by organized crime. Over 47 pages and 236 paragraphs, Plaintiff makes *zero* factual allegations of wrongdoing against Khalid Maani—despite the stringent pleading standards for RICO claims and fraud allegations. Instead, Plaintiff seems to include Khalid Maani in this litigation simply because of his ownership interest in SafeSpeed. That is clearly an insufficient hook to survive a motion to dismiss a RICO claim under settled Supreme Court and Seventh Circuit precedent. A plaintiff must plead and prove *facts* that adhere to RICO's strict standards or face dismissal. Plaintiff has not done so here. Accordingly, as detailed below, this complaint should be dismissed with prejudice against Khalid Maani for the following reasons:

- The Complaint fails properly to allege a RICO enterprise;[1]

- The Complaint fails properly to allege a RICO pattern;

- The Complaint fails properly to allege injury;

- As to Khalid Maani, the Complaint fails to allege that he engaged in *any* predicate acts (much less two);

- As to Khalid Maani, the Complaint fails to allege that he occupied an operational or management role in the enterprise as required of each RICO defendant;

- The Complaint fails to allege mail fraud predicate acts with the specificity required by Rule 9(b); and

- The Complaint fails properly to allege a RICO conspiracy.

## FACTUAL SUMMARY

Plaintiff alleges generally that:

Beginning no later than 2016 and continuing to the present, SAFESPEED, LLC. ("SafeSpeed"), along with its members and undisclosed sales agents ("Consultants"), created and conducted, in collaboration with various public officials and municipalities, a racketeering conspiracy that corruptly used red-light cameras ("RLCs" or "Red-Light Cameras") to create a "money machine" that would automatically generate millions of dollars in revenue for the Defendants and thereafter used bribes to protect the money machine from calls for legislation to ban RLCs as well as, in at least one instance, objections of the Illinois Department of Transportation ("IDOT").

Complaint at ¶ 1.

Khalid Maani is not mentioned by name in that allegation, nor does Plaintiff ever allege specific predicate acts by Khalid Maani anywhere in Plaintiff's Complaint. Instead, Khalid Maani is mentioned in only two paragraphs of the entire 47 page complaint. Those mentions are as follows:

17.     Defendant KHALID ("CLIFF") MAANI is a citizen of the State of Illinois and a founding member, investor, and stakeholder in SafeSpeed.

*Id.* at ¶ 17.

---

[1]Many of Khalid Maani's arguments are adopted from those of co-defendants.

36.     More Specifically [sic], participants in the Enterprise include:

. . .

c.      KHALID ("CLIFF") MAANI is a founding member, investor, and stakeholder in SafeSpeed who participated in the scheme by causing SafeSpeed secretly to hire public officials as commissioned, undisclosed sales agents ("Consultants") whose compensation was calculated as a percentage of monthly income from RLC fines collected from RLCs they helped to place; by funding bribes paid to Sandoval and other public officials in a position to influence or approve the installation of SafeSpeed RLCs and to prevent adverse actions in the Illinois General Assembly or IDOT; and by concealing such bribes from the General Assembly and the citizens of the State of Illinois so as to defraud Plaintiffs and the Class and causing damage to their business and property by facilitating the corrupt installation and operation of RLCs in several Illinois municipalities, including, without limitation, the Defendant City of Oakbrook Terrace, pursuant to various contracts and agreements.

Complaint at ¶ 36.

The Complaint offers nothing more against Khalid Maani. It is entirely devoid of any of the "who, what, when, where, how" required to sustain a RICO action against him.

## ARGUMENT

### A.  Legal Standard.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, "allegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity." *Slaney v. The Intern. Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001) (affirming 12(b)(6) dismissal of RICO claim). In order to survive dismissal on a Rule 12(b)(6) motion, a plaintiff's RICO complaint must plead "the who, what, when, and where of the

alleged fraud." *Lachmund v. ADM Investor Serv., Inc.*, 191 F.3d 777, 782 (7th Cir. 1999); *see also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (including "how" to the list of factors to be addressed with particularity). A civil RICO claim, then, must "at a minimum, describe the two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney*, 244 F.3d at 597; *see also Lachmund*, 191 F.3d at 784 (affirming 12(b)(6) dismissal of RICO claims as insufficiently particular); *Goren v. New Vision Intern., Inc.*, 156 F.3d 721, 726 (7th Cir. 1998) (affirming 12(b)(6) dismissal of RICO claims for failure to plead fraud with requisite particularity); *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992) (affirming dismissal of RICO claims because allegations in second amended complaint fell short of fraud specificity standard); *Graue Mill Development Corp. v. Colonial Bank & Trust Co. of Chicago,* 927 F.2d 988, 992 (7th Cir. 1991) (affirming 12(b)(6) dismissal of RICO claims for failure to allege predicate acts of fraud with sufficient specificity). Said differently, "cryptic statements" suggesting fraud are insufficient—"mere allegations of fraud . . . averments to conditions of mind, or references to plans and schemes are too conclusional to satisfy the particularity requirements." *Graue Mill*, 927 F.2d at 992. These heightened pleading and proof requirements are designed "to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law." *Midwest Grinding*, 976 F.2d at 1022 (citing *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240-41 (1989)).

Plaintiff's Complaint does not come close to surmounting those pleading barriers here. Consequently, his claims against Khalid Maani must be dismissed.

**B. <u>The Complaint Fails Properly to Allege an Enterprise.</u>**

Pursuant to this Court's August 6, 2020 order (dkt 59), Khalid Maani adopts the argument of defendants Zollar and Lai that "The Complaint Fails Without an Enterprise," found on pages 6-8 of the memorandum in support of their motion to dismiss.

**C. <u>The Complaint Fails Properly to Allege a Pattern.</u>**

Pursuant to this Court's August 6, 2020 order (dkt 59), Khalid Maani adopts the argument of defendants Zollar and Lai that "The Complaint Lacks a Pattern of Racketeering Activity," and specifically the subheading "b. The Complaint Fails the 'Continuity Plus' Relationship Test" found on pages 14-16 of the memorandum in support of their motion to dismiss.

**D. <u>The Complaint Fails Properly to Allege Injury.</u>**

Pursuant to this Court's August 6, 2020 order (dkt 59), Khalid Maani adopts the argument of defendants Zollar and Lai that "As a Matter of Law, Plaintiff's Red-Light Camera Violation Is Not an Injury Proximately Caused by the Alleged Activity," found on pages 16-18 of the memorandum in support of their motion to dismiss.

Further, and relatedly, pursuant to this Court's August 6, 2020 order (dkt 59), Khalid Maani adopts the argument of defendant Kosmowski and the argument of defendant Rodriguez that Plaintiff lacks standing and is "claim preclu[ded]", as found on pages 4-5 of Kosmowski's motion to dismiss and as found on pages 4-5 of Rodriguez's motion to dismiss.

Further, and relatedly, pursuant to this Court's August 6, 2020 order (dkt 59), Khalid Maani adopts the argument of defendant Oakbrook Terrace that Plaintiff lacks standing, as found on pages 7-11 of Oakbrook Terrace's motion to dismiss.

**E. The Complaint Fails to Allege that Khalid Maani Engaged in any Predicate Acts (much less two)**

A bedrock principle of RICO is that the plaintiff in a civil RICO claim must allege two independent predicate acts for each defendant named in the complaint. 18 U.S.C. § 1961(5); *Slaney*, 244 F.3d at 597; *Limestone Dev. Corp. v. Vill. Of Lemont*, 473 F.Supp.2d 858, 873 (N.D.Ill. 2007) (granting 12(b)(6) dismissal of RICO claim—"RICO Plaintiff must, at a minimum, describe the two predicate acts of fraud by each defendant with some specificity."). Plaintiff has not done so here.

In Plaintiff's complaint, Plaintiff alleges no predicate acts committed by Khalid Maani. Of course, failing to allege with specificity at least two predicate acts requires dismissal of a civil RICO claim. *See Goren*, 156 F.3d at 726 (affirming 12(b)(6) dismissal because of failure to specify at least two predicate acts of racketeering). Instead, in his introductory paragraph 36, Plaintiff vaguely identifies, without any of the required specificity, three items that Plaintiff attempts to connect to Khalid Maani.

First, Plaintiff alleges that Khalid Maani "participated in the scheme by causing SafeSpeed secretly to hire public officials as commissioned, undisclosed sales agents whose compensation was calculated as a percentage of monthly income from RLC fines collected from RLCs they helped to place." Complaint at ¶ 36. Multiple problems exist with this allegation. First, it lacks any of the specific factual information required to survive a motion to dismiss. *See Slaney*, 244 F.3d at 597 (affirming 12(b)(6) dismissal of RICO claim because it failed to "at a minimum, describe the two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations.") No particular

6

"undisclosed sales agent" is identified as hired by Khalid Maani. Nor does the Complaint identify when, where, or how Khalid Maani ever hired any of these "undisclosed sales agent[s]." Even if the Complaint had any of that necessary factual specificity, nowhere does the Complaint explain why "secretly" hiring "public officials as commissioned, undisclosed sales agents" would constitute criminal activity by Khalid Maani that would constitute a predicate act for purposes of the RICO statute.[2]

Second, the Complaint alleges that Khalid Maani "participated in the scheme by . . . funding bribes paid to Sandoval and other public officials . . . " Complaint at ¶ 36. Again, nowhere in the Complaint does Plaintiff provide any specifics about Khalid Maani's alleged funding of bribes. Indeed, the only bribes Plaintiff specifically discusses in his Complaint are bribes funded by the United States Government—not Khalid Maani.

Third, the Complaint alleges that Khalid Maani "participated in the scheme by . . . concealing such bribes from the General Assembly and the citizens of the State of Illinois . . . " *Id.* at ¶ 36. Again, the Complaint provides no specifics about, for instance, when, where, or how Khalid Maani either became aware of the bribes or decided to conceal those bribes from the General Assembly or the citizens of Illinois. Nor could it—since the "bribes" were funded by the United States Government—not SafeSpeed and not Khalid Maani.

Plaintiff's Complaint must be dismissed against Khalid Maani, then, because it fails to identify any predicate acts engaged in by Khalid Maani.

---

[2] For instance, even if (accepting Plaintiff's allegations as true) there were hiring of "public officials" as "sales agents" by SafeSpeed or Khalid Maani, the Complaint does not explain what the disclosure requirements would be concerning such an arrangement. Nor does the Complaint explain who would have such a disclosure requirement—SafeSpeed or Khalid Maani or the "public official." Nor, of course, does the Complaint explain why the failure to make such a disclosure would constitute criminal activity sufficient to implicate the RICO statute.

**F.** **The Complaint Fails to Allege that Khalid Maani Occupied an "operational or management" role in the Alleged Enterprise**

Plaintiff's Complaint also fails against Khalid Maani because it fails to allege either that Khalid Maani "participated in the operation or management of the enterprise itself" or that Khalid Maani played "some part in directing the enterprise's affairs." *Goren*, 156 F.3d at 727 (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179-183 (1993)). Instead, Plaintiff seems to have named Khalid Maani as a defendant simply because of his status as a "founding member, investor, and stakeholder in SafeSpeed." Complaint at ¶ 36. But that is not sufficient to constitute a predicate act of racketeering.

The *Goren* Court explained that "simply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under §1962(c)." *Goren*, 156 F.3d at 727. Here, the Complaint does not even go that far, as it neither alleges that Khalid Maani had knowledge of the enterprise's illicit nature nor provides facts to support such an allegation. Khalid Maani, then, seems to be a defendant because of his association with others, but "mere association" is insufficient to create RICO liability. *Domanus v. Locke Lord LLP*, 847 F.3d 469, 482 (7th Cir. 2017) (affirming 12(b)(6) dismissal of RICO claim; "We bear in mind that mere association with conspirators is not enough to establish an agreement.") Merely pleading a defendant's position in a company, as Plaintiff has done here, is inadequate to establish personal liability for corporate acts or the acts of other corporate agents. *Goren*, 156 F.3d at 726. Fraud allegations—including against executives—must be more specific. *Ackerman v. Northwestern Mutual Life Insur. Co.*, 172 F.3d 467, 471 (7th Cir. 1999) (affirming dismissal of fraud claim); *Vicom, Inc. v. Harbridge Merchant Servs., Inc.,* 20 F.3d 771, 777 (7th Cir. 1994) (rejecting claims of fraud that "lump" multiple defendants together); *Cf. Citizens Elec.*

*Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1021 (7th Cir. 1995) (noting that "[c]orporations are liable for the acts of their officers and directors, not the other way 'round'").

Therefore, the RICO claims should be dismissed against Khalid Maani for this reason as well.

### G. The Complaint fails to allege mail fraud predicate acts with the specificity required by Rule 9(b).

A plaintiff alleging predicate acts of mail and wire fraud must do so with particularity. *See* Fed. R. Civ. P. 9(b). In order to satisfy this standard, a RICO plaintiff must allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom*, 20 F.3d at 777 (internal quotations omitted). Moreover, because a RICO plaintiff must allege *two* predicate acts of fraud, he must satisfy the requirements of Rule 9(b) twice. *See Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998) (affirming dismissal of RICO claim for failing to allege facts with sufficient particularity). Plaintiff has failed to do so here—no specificity is provided around the alleged mailings, nor does Plaintiff even attempt to connect any fraudulent mailings to Khalid Maani. For this reason, Plaintiff's Complaint also fails against Khalid Maani.

### H. The Complaint fails Properly to Allege a RICO Conspiracy

Pursuant to this Court's August 6, 2020 order (dkt 59), Khalid Maani adopts the argument of defendants Zollar and Lai that "The Complaint Fails to Plead RICO Conspiracy," found on pages 18-19 of the memorandum in support of their motion to dismiss.

Further, and relatedly, pursuant to this Court's August 6, 2020 order (dkt 59), Khalid Maani adopts the argument of defendant Kosmowski and the argument of defendant Rodriguez that

Plaintiff's Count II Conspiracy claim should be dismissed as found on pages 6-7 of Kosmowski's motion to dismiss and as found on pages 6-7 of Rodriguez's motion to dismiss.

WHEREFORE, Defendant Khalid Maani respectfully requests that this Court grant his motion and dismiss Plaintiff's Complaint against him with prejudice.

Dated: August 14, 2020                    Respectfully submitted,

**CLIFF MAANI**

By: */s/Andrew C. Porter*　　　　　　
    One of Its Attorneys


Andrew C. Porter
Andrea Evans
SALVATORE, PRESCOTT, PORTER &
PORTER
1010 Davis Street
Evanston, IL 60201
312.283.5711

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2020, I caused copies of the foregoing to be served on all counsel of record by filing electronic copies with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

*/s/Andrew C. Porter*
One of the Attorneys for Cliff Maani