IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE H. GRESS, on behalf of himself and others similarly situated, : : : Plaintiff, : : v. : : SAFESPEED, LLC, an Illinois limited liability company; NIKKI ZOLLAR; CHRIS LAI; KHALID ("CLIFF") MAANI; OMAR MAANI; TONY RAGUCCI; MARTIN A. SANDOVAL; CITY OF OAKBROOK TERRACE; PATRICK DOHERTY; BILL HELM; JEFF TOBOLSKI; ROBERT GEDVILLE; JOHN O'SULLIVAN; SERGIO RODRIGUEZ; JOHN RYAN; MICHAEL CARBERRY; JOHN KOSMOWSKI; and BILL MUNDY : : : : : : : : : : : : : Defendants. | Civil Action No.: 1:20 CV 756<br><br>Hon. Robert M. Dow, Jr. |

**MEMORANDUM IN SUPPORT OF THE
MOTION TO DISMISS THE COMPLAINT
BY SAFESPEED, LLC**

/s/ *Zachary T. Fardon*
Zachary T. Fardon

KING & SPALDING LLP
Zachary T. Fardon
Patrick M. Otlewski
Abigail J.M. Hoverman
353 N. Clark Street, 12th Floor
Chicago, IL 60654
Phone: 312.995.6333
zfardon@kslaw.com
potlewski@kslaw.com
ahoverman@kslaw.com

*Attorneys for Defendant
SafeSpeed, LLC*

I. **INTRODUCTION**

Only after serving SafeSpeed's executives, and only after those executives filed a motion to dismiss the Complaint, did plaintiff Lawrence Gress seek to serve SafeSpeed in July 2020. *See* Dkt. No. 42. In the interests of judicial economy and efficiency, SafeSpeed will not repeat the well-placed arguments by its executives, Nikki Zollar and Chris Lai, that support dismissal of Plaintiff's complaint.[1] Dkt. No. 31. SafeSpeed hereby adopts and joins in full Ms. Zollar and Mr. Lai's joint memorandum in support of their motion to dismiss. *See id.* SafeSpeed submits this memorandum to address the allegations and arguments specific to the company.

Plaintiff nakedly alleges SafeSpeed "created, controlled, and conducted" a racketeering enterprise. *See* Compl. ¶203. In support, he offers zero facts. Instead, he relies on conclusory allegations and legal theories masquerading as facts. He wholesale lifts irrelevant allegations from his earlier civil complaint against former Illinois Senator Martin Sandoval; he gratuitously injects the unrelated Redflex saga; and he block-quotes Sandoval's plea agreement, even then failing to a aver a single fact supporting a racketeering conspiracy against SafeSpeed.

Plaintiff wishfully seeks to spin his grand RICO conspiracy theory on a much baser underlying reality: Omar Maani apparently engaged in corruption with Sandoval and others, and then cooperated with the government. But as was noted in Zollar and Lai's memorandum, Plaintiff has offered no facts implicating SafeSpeed, Ms. Zollar, or Mr. Lai in Maani's scheming. Why? Because he has no such facts. SafeSpeed, Ms. Zollar, and Mr. Lai were not engaged in racketeering.

Plaintiff's entire case against SafeSpeed boils down to an attempt to hold SafeSpeed vicariously liable for the bad acts of Omar Maani. That attempt fails as a matter of law. It is well

---

[1] SafeSpeed is heeding this Court's "encourage[ment]" to the Defendants to "adopt each other's arguments rather than repeating them" in its August 6, 2020 Minute Entry. *See* Dkt. No. 59.

settled in the Seventh Circuit that a corporate entity like SafeSpeed is not vicariously liable for the acts of others where, as here, the company had no knowledge and was used as an unwitting vehicle.

Plaintiff's Complaint thus falls well short of the law in pleading civil claims of racketeering and racketeering conspiracy by SafeSpeed, Ms. Zollar, or Mr. Lai. Further, Plaintiff's complaint fails because: (1) he has not pleaded an enterprise, nor has he pleaded that SafeSpeed operated and conducted the affairs of the alleged enterprise; (2) he has not adequately pleaded a pattern of racketeering that satisfies the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure; and (3) Plaintiff's alleged injury—paying a $100 fine for a lawfully issued red-light camera violation after an admitted violation of the law—is independent of and far too attenuated from any alleged RICO activity.

Plaintiff's Complaint is woefully deficient and should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.　THE COMPLAINT'S § 1962(C) CLAIM AGAINST SAFESPEED SHOULD BE DISMISSED.

A substantive racketeering claim arises when "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).

A plaintiff looking to state a § 1962(c) claim must plausibly allege a cognizable injury to business or property resulting from the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 336 (7th Cir. 2019).[2] Plaintiff must plead each element as to each individual defendant—including SafeSpeed—without exception. *See*

---

[2] Unless otherwise indicated, citations herein will not include reference to internal quotations, brackets, and quotation marks that have been omitted.

*Green v. Morningstar, Inc.*, No. 17 C 5652, 2018 WL 1378176, at *9 (N.D. Ill. Mar. 16, 2018); *Dudley Enters., Inc. v. Palmer Corp.*, 822 F. Supp. 496, 502 (N.D. Ill. 1993).

The Complaint fails on multiple fronts to adequately allege a substantive racketeering violation by SafeSpeed: (1) the Complaint has no enterprise and has no facts pleaded showing that SafeSpeed participated in its operation and management; (2) the Complaint lacks a pattern of racketeering activity; and (3) the plaintiff and proposed class's injury is too indirect to have occurred by reason of a racketeering violation.

### A. The Complaint Fails to Plead an Enterprise, and Fails to Plead that SafeSpeed Participated in the Operation and Management of the Alleged Enterprise.

SafeSpeed adopts the arguments made by Ms. Zollar and Mr. Lai that the Complaint fails at the pleading stage because it has no facts establishing an enterprise. *See* Dkt. No. 31 at 6-10. The Complaint pleads no structure linking the eighteen named defendants, nor does it assert that the alleged racketeering activity driven by a common goal or purpose amongst these disparate defendants. *Id.* SafeSpeed further submits that dismissal is appropriate because SafeSpeed is neither directly liable as a participant in the alleged enterprise, nor can it be vicariously liable for the acts of others.

First, to the extent the Complaint suggests SafeSpeed was itself the RICO enterprise, that is a nonstarter under the law. An entity cannot be both a RICO defendant and the RICO enterprise. *See Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226-27 (7th Cir. 1997) (observing that the "prototypical RICO case is one in which a person bent on criminal activity seizes control of a previously legitimate firm" (and that firm becomes the enterprise), and finding no basis to "apply[] RICO to a free-standing corporation such as Chrysler merely because Chrysler does business through agents, as virtually every manufacturer does"); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 647 (7th Cir. 1995) (rejecting argument that a corporate "person" can be part of an "enterprise" that consisted of a corporation and its affiliated companies because the complaint "fail[ed] to present an enterprise

4

separate and distinct from the persons sought to be held liable"). Put slightly differently, the Complaint fails because "the persons [Plaintiff] seeks to hold liable are the selfsame members of" the enterprise, which amounts to an improper "conflation of [the] 'person" and 'enterprise'" elements of a RICO claim. *Brown v. Cty. of Cook*, 549 F. Supp. 2d 1026, 1030 (N.D. Ill. 2008).

Nor can SafeSpeed be directly liable as a participant who operated and conducted the affairs of the alleged enterprise. That is because Plaintiff has failed to provide any facts in his Complaint. He instead relies on legally insufficient "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under well-settled law, Plaintiff must plead facts establishing that SafeSpeed as an entity "participate[d] in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). But Plaintiff has no such facts. Instead, the Complaint alleges in conclusory fashion that SafeSpeed "created, controlled, and conducted" the alleged enterprise. Compl. ¶203. Plaintiff also claims "SafeSpeed created and/or used this association-in-fact Enterprise – an ongoing organization functioning as a continuing unit – as a separate entity and tool to effectuate the pattern of racketeering activity . . . ." *Id.*

These conclusory allegations, of course, are not assumed to be true, nor is it sufficient even at this early pleading stage for Plaintiff to rely on "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678-79. Similarly, the Complaint's allegations only go so far as to plead that SafeSpeed conducted its own affairs, but fail to show that SafeSpeed conducted the affairs of the alleged enterprise. *See Reves*, 507 U.S. at 185 ("[L]iability depends on showing that the defendants conducted or participated in the conduct of the *enterprise's* affairs, not just their *own* affairs."); *see also Richmond*, 52 F.3d at 646 (observing that "an individual corporation could not be held liable as a 'person' that conducted its own affairs through a pattern of racketeering activity").

To cover for his lack of factual allegations that SafeSpeed directly participated in the operation and management of the alleged enterprise, Plaintiff alleges that SafeSpeed acted "through"

5

its employees and agents. *See, e.g.*, Compl. ¶204 ("SafeSpeed, acting through [others]"); *id.* ¶205 ("SafeSpeed, acting principally through [others]"); *id.* ¶207 ("SafeSpeed, through [others]"); *id.* ¶209 ("The [red light camera] network corruptly developed by SafeSpeed, through [others]"). But Plaintiff's pleading is inherently contradictory. Plaintiff cannot call SafeSpeed both a participant in the enterprise, and an entity that is vicariously liable for the acts of others. *See Erickson v. Painewebber Inc.*, No. 87 C 10592, 1990 WL 17144, at *6 (N.D. Ill. Feb. 1, 1990) (holding that a complaint's allegations that a corporate entity was "directly liable" and liable "through defendant [representative] is a contradiction in terms").

If Plaintiff argues that SafeSpeed should be vicariously liable for the acts of others (and thus give up his claim that SafeSpeed is directly liable), his argument should be rejected. Courts permit companies to be vicariously liable for RICO violations only "where the corporation plays the role of the central figure or aggressor in the alleged scheme." *Glen Flora Dental Ctr., Ltd. v. First Eagle Bank*, No. 17-CV-9161, 2019 WL 4601742, at *7 (N.D. Ill. Sept. 23, 2019) (slip op.). "[V]icarious liability only applies to civil RICO in limited circumstances in order to avoid holding innocent corporations liable for the wrongdoing of their employees." *Schwarz v. Nat'l Van Lines, Inc.*, No. 03 C 7096, 2004 WL 1497804, at *3 (N.D. Ill. July 2, 2004) (St. Eve, J.). Thus, courts will permit vicarious liability only when "(1) the corporation has derived some benefit from the alleged RICO action; and (2) imposing vicarious liability does not circumvent congressional intent." *Id.* (citing *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1306 (7th Cir. 1987)). The purpose of this limitation, particularly the second prong of the test, is to "protect those corporations that are merely the passive instrument for the employee's wrongdoing." *Schwarz*, 2004 WL 1497804, at *3. The central inquiry becomes whether the company "has no knowledge of the criminal behavior of its agents or employees." *Id.* at *4.

Even assuming that an agent of SafeSpeed engaged in an act of racketeering, Plaintiff has no facts making it plausible that SafeSpeed knew about or was involved in any alleged act of

6

racketeering by an agent of the company. *See id.*; *Erickson*, 1990 WL 17144, at **5-6 (rejecting vicarious liability theory raised in a complaint because, "[w]hile a corporation can only act through its agents and officers, there must be some indication that the corporation, as an entity separate from an individual employee, consented to or took an active part in the fraudulent conduct or racketeering activities in order to be held liable as a 'person' under Section 1962(c)"); *see also Holmes v. City of Racine*, No. 14-CV-208-JPS, 2014 WL 5514181, at *16 (E.D. Wis. Oct. 31, 2014) ("To find a corporation liable, the Court must find that the [corporation], *itself*, took some action. . . . There is no reason to find that the [the corporation] 'personally committed' any racketeering activities or agreed to participate in a RICO scheme."); *Williams Elecs. Games, Inc. v. Barry*, 42 F. Supp. 2d 785, 793 (N.D. Ill. 1999) (dismissing RICO claims against corporate defendants where "[n]either the complaint nor the subsequently filed RICO case statement includes any allegation that the corporate defendants knew of or authorized the employees' actions").

### B. The Complaint Fails Without a Pattern of Racketeering, and By Failing to Plead SafeSpeed Engaged in Predicate Acts of Racketeering.

SafeSpeed adopts the arguments by Ms. Zollar and Mr. Lai that the Complaint fails to meet the continuity plus relationship test required to demonstrate a pattern of racketeering. *See* Dkt. No. 31 at 14-16. SafeSpeed further adopts their arguments that the Complaint does not plead two predicate acts of racketeering, and that the Complaint fails to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. *See id.* at 10-14. SafeSpeed also adopts the arguments of defendant Khalid Maani, who similarly points out the defects in the Complaint with respect to numerous allegations of alleged fraud under Rule 9(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 65 at 6-7. In addition to those well-placed arguments, SafeSpeed further submits additional reasons why the Complaint fails to adequately plead that SafeSpeed engaged in the requisite predicate acts of racketeering.

Repeatedly throughout the Complaint, Plaintiff alleges that individuals "caus[ed] SafeSpeed secretly to hire public officials as commissioned, undisclosed sales agents ('Consultants') whose compensation was calculated as a percentage of monthly income from [red light camera] fines . . . ." *See, e.g.*, Compl. ¶36(a). Whether Plaintiff considers this conduct to be a predicate act of racketeering is an open question not answered by the Complaint. In the section of the Complaint specifically discussing the alleged pattern of racketeering, the Complaint unhelpfully asserts in general terms that the "Complaint details the ongoing pattern of racketeering," *id.* ¶210, and generally asserts that the pattern "includes predicate acts indictable under 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1346 (deprivation of honest services through bribes and kickbacks) through the aforementioned actions," *id.* ¶214, which is of no help.

Assuming for purposes of argument that Plaintiff intends to rely on this alleged activity as a predicate act of racketeering, the Complaint fails to satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that Plaintiff "do more than allege fraud generally." *Menzies*, 943 F.3d at 338. Plaintiff must provide "precision and some measure of substantiation to each fraud allegation," meaning he "must plead the who, what, when, where, and how of the alleged fraud." *Id.* The Complaint's general allegations flunk this test. Nowhere does the Complaint allege who allegedly fraudulently concealed this information (let alone the legal duty violated in so concealing the information), when the allegedly fraudulent concealment occurred, from whom the information was withheld, or how allegedly fraudulent concealment occurred. *See Mandelstein v. Rukin*, No. 17-CV-9216, 2019 WL 3857886, at *9 (N.D. Ill. Aug. 16, 2019) (Dow, J.) ("Plaintiffs do not allege facts to support an inference that [Defendant] concealed anything from Plaintiffs, such as false statements [Defendant] made to Plaintiffs, or material omissions from otherwise true statements, or any disclosure obligations that [Defendant] had but failed to meet."). Finally, the Court should reject Plaintiff's efforts to rely on non-specific federal investigative activity

8

related to municipalities and public officials to establish that predicate acts of racketeering occurred. *See, e.g.*, Compl. ¶¶174, 180. Plaintiff's generalized allegations simply will not do, as they lack the requisite particularity. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

Without a pattern of racketeering and without the requisite two acts of racketeering allegedly committed by SafeSpeed, the Complaint's substantive racketeering claim under 18 U.S.C. § 1962(c) should be dismissed.

### C. Plaintiff's Claimed Injury Did Not Occur "By Reason Of" a RICO Violation.

Under 18 U.S.C. § 1964(c), Plaintiff must be "injured in his business or property by reason of a violation of section 1962 . . . ." Plaintiff must allege facts plausibly showing that the alleged RICO violation was **both** the "but for" and the "proximate cause" of his injury. *Holmes v. Sec. Inv'r Prot. Corp.*, 503 U.S. 258, 265-68 (1992). At the pleading stage, that requires Plaintiff to provide facts showing that his injury would not have occurred absent the § 1962(c) violation, as well as facts showing a "direct relation between the injury asserted and the injurious conduct alleged." *Id.* at 268. A "direct relation" means that the injury occurred at the first step in the causal chain. *See Hemi Group, LLC v. City of New York*, 559 U.S. 1, 10 (2010) (rejecting theory of causation that required moving "well beyond the first step"). The Complaint fails because Plaintiff and the other alleged members of the proposed class's alleged injuries did not occur by reason of a racketeering violation.

First, the concept of foreseeability does not apply in RICO cases. *See id.* at 12 (explaining that while "[t]he concepts of direct relationship and foreseeability are of course two of the 'many shapes [proximate cause] took at common law,' [Supreme Court] precedents make clear that in the RICO context, the focus is on the directness of the relationship between the conduct and the harm."). As a result, an argument by Plaintiff that his alleged injury was foreseeable or even intended

9

will not suffice unless his injury was direct. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (2006).

Three principles are at the core of the Supreme Court's heightened proximate causation standard in RICO cases. First, "the less direct an injury is, the more difficult it becomes to ascertain the amount of a plaintiff's damages attributable to the violation, as distinct from other, independent, factors." *Holmes*, 503 U.S. at 269. Second, recognizing claims of "indirectly injured" plaintiffs "removed at different levels of injury from the violative acts" would force courts to "adopt complicated rules apportioning damages . . . to obviate the risk of multiple recoveries." *Id.* Third, directly injured victims "can generally be counted on to vindicate the law as private attorneys general, without any of the problems attendant upon suits by plaintiffs injured more remotely." *Id.* at 269-70.

As Ms. Zollar and Mr. Lai have argued, even the most deferential reading of the Complaint demonstrates that neither Plaintiff nor any member of the Proposed Class is plausibly the direct victim of the alleged activity. *See* Dkt. No. 31 at 16-18. Assuming for purposes of argument the truth of the Complaint's allegations, well-settled Seventh Circuit law provides that the State is the victim of bribery offenses, as they are deprived of their right to have public officials' activities "conducted free from bribery" as well as "their right to loyal and faithful service of their state officials[.]" *United States v. Rauhoff*, 525 F.2d 1170, 1175 (7th Cir. 1975); *see also United States v. Warner*, 292 F. Supp. 2d 1051, 1067-68 (N.D. Ill. 2003) (identifying the State of Illinois as the victim of racketeering involving state licenses). Likewise, neither Plaintiff nor any member of the Proposed Class was specifically targeted by any of the alleged acts. Instead, Plaintiff and the Proposed Class's only alleged injury is the lawful receipt of $100 red-light camera violation notices. Compl. ¶¶63-69. Plaintiff's alleged injury is both too far removed from the alleged racketeering activity, and separated by his and other class members' own violations of the law.

Ms. Zollar and Mr. Lai have identified relevant case law from the Seventh Circuit establishing that Plaintiff's alleged injury is not a direct result of the alleged racketeering activity.[3] A recent court decision with similar allegations provides persuasive reasons that demonstrate the lack of RICO injury in this case.

In *General Motors LLC v. FCA US LLC*, No. 19-cv-13429, 2020 WL 3833058 (E.D. Mich. July 8, 2020) (slip op.), the court dismissed a complaint at the pleading stage where the plaintiff alleged his RICO injury was caused by defendants' alleged bribery activity. The plaintiff, General Motors, alleged that FCA bribed UAW officials for years and, in return, received benefits and concessions in the negotiation, implementation, and administration of collective bargaining agreements. *Id.* at *1-*2. General Motors also alleged that the bribery scheme was intended to damage it as a rival through "'over $1 billion' in unanticipated labor costs." *Id.* at *8. The Court found that the alleged racketeering activity was designed to help FCA in negotiations with unions, the direct victim of which would be workers. *Id.* at *10. Important to the Court was the lack of facts indicating an intent to harm General Motors, as "the few paragraphs of the Complaint that even mention an intent to harm GM are vague and conclusory." *Id.* The Court observed that "[n]otably absent from the Complaint . . . [were] any specific facts supporting the allegation that a condition of Defendants' payments to the UAW officials was denial of concessions and benefits to GM." *Id.* Thus, the Court concluded that "GM's high labor costs were not an injury proximately caused by

---

[3] *See, e.g.*, *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs.*, 873 F.3d 574, 576 (7th Cir. 2017) (rejecting RICO claim brought by benefit plans against pharmaceutical company after it pleaded guilty to unlawful promotion of a pharmaceutical drug because even though the plans "part[ed] with money, . . . it is not at all clear that they are the initially injured parties, let alone the sole injured parties"); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 398 (7th Cir. 2006) (finding plaintiff failed to plead defendants proximately caused its injuries where defendants, competing construction companies, pled guilty for bribing Wisconsin state officials for public contracts, noting a "court could never be certain whether [plaintiff] would have won any of the contracts that were subject of the conspiracy for any number of reasons unconnected to the asserted pattern of fraud"); *Ill. ex rel. Ryan v. Brown*, 227 F.3d 1042, 1045 (7th Cir. 2000) (finding citizens did not have sufficient injury to bring civil RICO suit against individuals who bribed Illinois state officials because the plaintiffs' injuries were "too remote").

FCA's bribes, and any competitive injury that GM suffered as a result of FCA's advantage in labor costs is an indirect injury . . . ." *Id.*

The Court also rejected as "far beyond the first step in the causal chain" General Motors' theory "that FCA and Defendants used bribes to secure the position of lead company in the 2015 CBA negotiations (first step), which enabled FCA to negotiate its own very generous to UAW workers CBA with the UAW, (second step) that ensured, through the economic force of pattern bargaining and threat of strike, that the 2015 GM-UAW CBA was vastly more expensive then GM had planned (third step)." *Id.* Having determined that the complaint did not sufficiently plead a RICO injury, the Court dismissed the Complaint with prejudice. *Id.* at *11. Just as the alleged injury in *General Motors* was not proximately caused by the alleged racketeering, the Complaint's alleged injury fails as it is nothing more than a legally deficient indirect injury.

Adopting the arguments made by Ms. Zollar and Mr. Lai, *see* Dkt. No. 31 at 16-18, as well as the arguments of Defendant Oakbrook Terrace regarding Plaintiff's failure to adequately plead a cognizable RICO injury, *see* Dkt. No. 22 at 7-11, SafeSpeed asks that the Court dismiss the substantive racketeering claim with prejudice.

### III. THE § 1962(D) CLAIM AGAINST SAFESPEED SHOULD BE DISMISSED.

Because the Complaint fails to plead a substantive racketeering violation by SafeSpeed, the RICO conspiracy claim under 18 U.S.C. § 1962(d) also fails. *See United Food and Commercial Workers Unions and Emp'rs Midwest Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 856-57 (7th Cir. 2013) ("Having failed to plead facts that would establish a violation of Section 1962(c), the [plaintiff] cannot state a claim for conspiracy under Section 1962(d) based on those same facts.").

Furthermore, the Complaint falls well short of pleading the elements of a § 1962(d) claim against SafeSpeed. Nowhere does the Complaint allege facts demonstrating that SafeSpeed (1) "agreed to maintain an interest in or control of an enterprise, or to participate in an enterprise's

12

affairs," or (2) "agreed that some member of the conspiracy . . . would commit at least two predicate acts in furtherance of those goals." *Domanus v. Locke Lord LLP*, 847 F.3d 469, 479 (7th Cir. 2017); *see also Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 732 (7th Cir. 1998) ("We have stressed that the touchstone of liability under § 1962(d) is an agreement to participate in an endeavor which, if completed, would constitute a violation of the substantive statute."). As the Seventh Circuit has emphasized, "[t]he first step is to allege that **each** defendant . . . knew about this conspiracy." *Domanus*, 847 F.3d at 479 (emphasis added). Similarly, the Complaint fails to plead facts demonstrating that SafeSpeed agreed to the commission of at least two predicate acts of racketeering. *See Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1383 (N.D. Ill. 1996) ("There are no allegations from which the court can infer that each defendant agreed to conduct the affairs of an enterprise through a pattern of racketeering activity or that each defendant agreed to the commission of at least two predicate acts."). These failings are fatal to Plaintiff's racketeering conspiracy claim against SafeSpeed, and should lead to the conspiracy claim's dismissal.

**IV.     CONCLUSION**

SafeSpeed respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint against it in its entirety with prejudice.

Dated:  September 14, 2020                                        */s/ Zachary T. Fardon*
                                                                                    Zachary T. Fardon

                                                                                    KING & SPALDING LLP
                                                                                    Zachary T. Fardon
                                                                                    Patrick M. Otlewski
                                                                                    353 N. Clark Street, 12th Floor
                                                                                    Chicago, IL 60654
                                                                                    Phone: 312.995.6333
                                                                                    zfardon@kslaw.com
                                                                                    potlewski@kslaw.com

                                                                                    *Attorneys for Defendant*
                                                                                    *SafeSpeed, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

/s/ *Zachary T. Fardon*
Zachary T. Fardon

KING & SPALDING LLP
Zachary T. Fardon
Patrick M. Otlewski
Abigail J.M. Hoverman
353 N. Clark Street, 12th Floor
Chicago, IL 60654
Phone: 312.995.6333
zfardon@kslaw.com
potlewski@kslaw.com
ahoverman@kslaw.com

*Attorneys for Defendant*
*SafeSpeed, LLC*